UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.  CASE NO: 3:18-cr-158-MMH-MCR

BAO THE KHUONG  ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

## **O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Bao The Khuong is a 48-year-old inmate incarcerated at Atwater USP, serving a 60-month term of imprisonment for conspiracy to distribute 100 kilograms or more of marijuana and conspiracy to commit money laundering. (Doc. 111, Judgment). According to the Bureau of Prisons (BOP), he is scheduled to be released from prison on April 10, 2024. Khuong seeks compassionate release because of the Covid-19 pandemic and because he

has high blood pressure, an irregular heart beat, obesity, and a history of drug use and smoking cigarettes. (Doc. 133, Emergency Motion for Compassionate Release). The United States has responded in opposition. (Doc. 136, Response).

A movant under § 3582(c)(1)(A) bears the burden of proving that a sentence reduction is warranted. United States v. Heromin, No. 8:11-cr-550-T-33SPF, 2019 WL 2411311, at *2 (M.D. Fla. Jun. 7, 2019); cf. United States v. Hamilton, 715 F.3d 328, 337 (11th Cir. 2013) (a movant under § 3582(c)(2) bears the burden of proving that a reduction is appropriate). The statute says:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The applicable policy statement is U.S.S.G. § 1B1.13, whose operative provisions, including its definition of "extraordinary and compelling reasons," still govern all motions filed under 18 U.S.C. § 3582(c)(1)(A) after the First Step Act. United States v. Bryant, No. 19–14267, 2021 WL 1827158, at *2 (11th Cir. May 7, 2021) (published). "Because the statute speaks permissively and says that the district court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911

(11th Cir. 2021). Notably, the Third Circuit Court of Appeals has observed that the mere existence of Covid-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

According to the Centers for Disease Control (CDC), hypertension, obesity, and having a history of smoking or drug abuse can each increase the risk of serious illness from Covid-19.[1] Khuong has hypertension, but the CDC reports that there is only "mixed evidence" of an association between high blood pressure and developing severe Covid-19.[2] As for obesity, Khuong is only mildly obese, with a body mass index (BMI) of 31.3. (Doc. 136-3, BOP Med. Records at 26, 47). Moreover, while Khuong claims he suffers from a history of smoking and drug abuse, he has previously denied having a significant history of smoking. (Id. at 58).[3] Finally, Khuong asserts that he has an irregular heartbeat, but the medical records do not reflect that he has been diagnosed

---

[1]  https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[2]  https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html.

[3]  Khuong's Presentence Investigation Report (PSR) does reflect that he has some history of drug use. (Doc. 101, PSR at ¶¶ 57–60). Between 2006 and 2017, he smoked marijuana on an as-needed basis to manage pain from a fall-related injury, and then he switched to marijuana edibles in 2017. Khuong also reported that he used cocaine around 20 times between 2010 and September 2018, and that he used alcohol – mostly in moderation – since he was 21 years old.

3

with any type of arrhythmia or similar heart condition. In any event, the CDC does not recognize an irregular heart rhythm as a condition that increases the risk of serious illness from Covid-19.

Neither Covid-19 nor Khuong's conditions, alone or in combination, create extraordinary and compelling reasons for a sentence reduction. 18 U.S.C. § 3582(c)(1)(A); U.S.S.G. § 1B1.13 & cmt. 1. First, Khuong is classified as a Care Level 1 "healthy or simple chronic care" inmate, which suggests that he lacks any serious medical issues. (Doc. 133-3, Def. Ex. C). Second, Khuong has received both doses of the Pfizer Covid-19 vaccine. (Doc. 136-1, Vaccine Record). The Pfizer vaccine has been shown to be 94% effective against preventing Covid-related hospitalization among fully vaccinated adults who are 65 years old or younger.[4] Encouragingly, early data also suggests that the vaccine is effective against emerging variants of coronavirus.[5] Thus, that Khuong has been vaccinated against Covid-19 substantially diminishes his risk of developing severe illness. Third, according to the BOP's latest data regarding Atwater USP, zero staff members and only two inmates are currently positive for coronavirus, and no inmates or staff members have died at Atwater USP because of Covid-19.[6] In addition, 152 staff members and 214

---

[4] https://www.cdc.gov/mmwr/volumes/70/wr/mm7018e1.htm.

[5] https://www.nature.com/articles/d41586-021-01222-5.

[6] https://www.bop.gov/coronavirus/. Last accessed May 11, 2021.

4

of the facility's 946 inmates, or about 23% of the inmate population, have been fully inoculated against Covid-19. The BOP is in the process of offering the vaccine to prisoners and staff members, and as more inmates accept the vaccine, the more the inmate population will be protected against coronavirus. Under all the circumstances, the Court concludes that Khuong has not demonstrated extraordinary and compelling reasons for a sentence reduction.[7]

Because the Court finds that Khuong has not established extraordinary and compelling reasons for a sentence reduction, it need not address the § 3553(a) sentencing factors. Accordingly, Defendant Bao The Khuong's Emergency Motion for Compassionate Release (Doc. 133) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida this 11th day of May, 2021.

MARCIA MORALES HOWARD
United States District Judge

lc 19
Copies:
Counsel of record
Defendant

---

[7] Although the Eleventh Circuit Court of Appeals has held that U.S.S.G. § 1B1.13 is still an applicable policy statement that binds district courts, Bryant, 2021 WL 1827158, at *2, the Court recognizes that other circuits have reached a different conclusion, see, e.g., United States v. Aruda, 993 F.3d 797, 801 (9th Cir. 2021) (collecting cases). The Court's decision does not depend on the resolution of this issue because it would reach the same conclusion even if it had the discretion not to follow the policy statement.